**James E. GRANT, Appellant,**

v.

**CIA ANONIMA VENEZOLANA de NAVEGACION et al., Appellees.**

**No. 21832.**

United States Court of Appeals Fifth Circuit.

April 5, 1965.

Dudley A. Philips, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Leon Sarpy and James G. Burke, Jr., New Orleans, La., for Cia Anonima Venezolana de Navegacion.

A. R. Christovich, Jr., James G. Burke, Jr., Leon Sarpy, New Orleans, La., for American Mut. Liability Ins. Co., Intervenor, and J. P. Florio & Co., Inc., impleaded-respondent-appellee, Christovich & Kearney, New Orleans, La., of counsel.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

PER CURIAM.

The appellant, James E. Grant, was a longshoreman employed by the appellee stevedoring company, J. P. Florio Grant was injured in the hold of the M/V Nueva Esparta, while it was being unloaded in the port of New Orleans. The vessel was owned by the appellee Cia Anonima Venezolana de Navegacion. The appellant brought a libel against the owner of the vessel to recover damages for his injuries and asserted that the vessel was unseaworthy and that this was the cause of his injuries. The owner of the vessel impleaded the stevedoring company and alleged that appellant's injury was caused either by his own negligence or by the negligence of the stevedoring company. The compensation insurer of the stevedoring company, the appellee, American Mutual Liability Insurance Company, intervened to recover out of any judgment for the appellant the amount it had paid to him as compensation under the Longshoremen's and Harborworkers' Compensation Act. Trial was had in the district court

* Senior Judge of the First Circuit, sitting by designation.

758

which resulted in a determination that the vessel was seaworthy. Judgment was for the owner of the vessel. See Grant v. Cia Anonima Venezolana de Navegacion, D.C., 228 F.Supp. 232. On appeal it is urged that certain documentary evidence was improperly admitted because of insufficient identification. The admission of these documents was not prejudicial to the appellant. The principal point made by the appellant is that the court's findings are clearly erroneous. We do not think it is necessary to set forth the evidence before the district court. It is enough to say that the evidence fully supports the findings. The judgment of the district court is

Affirmed.